**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

HADASSAH PAZ,

     Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA and UNUM GROUP CORP.,

     Defendants.

Civil Action No. 1:26-cv-20

---

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Hadassah Paz, and makes the following representations to the
Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability
("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of
the Employee Retirement Income Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. §
1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as
defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Employee Welfare Benefit Plan
constitutes a "plan under ERISA."

2.     The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor
regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal
appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this
matter is now properly before this court for judicial review.

1

3.     Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.     Plaintiff, Hadassah Paz, (hereinafter "Plaintiff"), was at all relevant times, and is currently a resident of Williamson County, Tennessee.

5.     Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 410297, issued to Plaintiff's former employer, Vanderbilt University Medical Center, and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6.     Unum Life is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

7.     Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8.     Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9.     Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life.

10.     Defendant Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

## FACTS

11.    Plaintiff was employed by Vanderbilt University Medical Center ("VUMC") as Clinical/Translational Research Coordinator.

12.    VUMC maintained a LTD benefits plan ("the Plan") for the benefit of its employees.

13.    LTD benefits under the Plan were funded by Unum Life policy number 410297.

14.    Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides LTD benefits under the Plan.

15.    Plaintiff ceased work due to a disability on February 8, 2024, while covered under the Plan.

16.    Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

17.    Plaintiff timely filed an application for LTD benefits under the Plan.

18.    Defendants approved that application, and paid benefits until June 6, 2025.

19.    As of June 3, 2025, Defendants denied Plaintiff's claim for ongoing LTD benefits, stating that she could perform her own occupation despite her medical conditions, including chronic pain syndrome, cervical spinal stenosis, cervical spondylosis, cervical radiculopathy, and post-laminectomy syndrome.

20.    Plaintiff filed a timely appeal on November 26, 2025.

21.    With her appeal, Plaintiff submitted fourteen exhibits, including updated medical records, sworn declarations from herself and her family members, a functional capacity evaluation (FCE), an opinion form from her treating provider, Dr. Dannenberg agreeing with the findings of the FCE, and a vocational evaluation.

22.     The FCE demonstrated that Ms. Paz was unable to sustain even sedentary work.

23.     The declarations from Ms. Paz and her family members explained that after she was injured in an elevator accident in 2015, she continued to work despite her injuries.

24.     Her condition eventually worsened until she was unable to work, and now requires help with most activities from her husband or children.

25.     Unum's deadline to make a decision on Ms. Paz's claim was 45 days from November 26, 2025, or January 10, 2026.

26.     On January 8, 2026 Unum wrote to Plaintiff's counsel requesting an extension of 45 days so that it might complete a medical file review.

27.     On January 9, 2025, Plaintiff's counsel responded, explaining that medical reviews are not a special circumstance justifying an extension under the ERISA regulations.

28.     Plaintiff's counsel explained that the deadline for Unum's decision was January 10, 2026 and requested that Unum make a decision by that date.

29.     Unum did not make a decision on Plaintiff's claim as of January 10, 2026.

30.     As a result, Unum has failed to provide a reasonable claims procedure that would yield a timely decision on the merits of the LTD claim.

31.     29 C.F.R. § 2560.503-1(l) states that an ERISA administrator's failure to strictly adhere to all requirements of the regulation with respect to a claim will result in the claimant being deemed denied without the exercise of discretion. *See* 29 C.F.R. § 2560.503-1 (1)-(2).

32.     Accordingly, under 29 C.F.R. § 2560.503-1 (1)-(2), Plaintiff pursues her available remedies under § 502(a) of the ERISA on the basis that Unum has failed to provide a reasonable claims procedure that would yield a timely decision on the merits of the LTD claim.

4

33.     Plaintiff's administrative remedies under the Plan were deemed exhausted without the exercise of discretion as a result of Unum's violations of 29 C.F.R.. § 2560.503-1 as outlined above.

34.     Plaintiff has exhausted her required administrative remedies with respect to the LTD claim.

35.     On January 14, 4 days after its decision deadline, Unum forwarded Plaintiff's counsel a letter and additional information that it intended to rely upon to deny her claim.

36.     This information included a medical review from Dr. Freeman Broadwell, a vocational report, and various claim notes.

37.     In particular, Dr. Broadwell is a biased doctor with a demonstrated 99% rate of upholding denials, based on discovery produced in other litigation.

38.     Per Unum's standard operating procedure, instead of asking Dr. Broadwell a neutral question about what restrictions he believed are warranted, it gave him the exact occupational demands Unum needed him to affirm in order to deny the claim, and then asked him if he believed anything precluded Plaintiff from performing those demands.

39.     Following his established and essentially universal pattern of upholding denials, Dr. Broadwell found Plaintiff could perform the occupational demands Unum had fed him in a cursory, conclusory, and cherry-picked opinion.

40.     More, Dr. Broadwell discounted the results of all FCEs by saying that an "FCE cannot measure or determine the maximum capacity of an individual with low or mixed motivation," which is both false and a direct violation of Unum's continuing obligations under the Multi-State Regulatory Settlement Agreement, which requires Unum to both conduct FCEs when circumstances warrant, as well as to fairly interpret and apply them.

41.     Dr. Broadwell is eligible to receive a significant bonus each year, but only if Unum achieves its profitability goal and if Broadwell individually contributes.

42.     Dr. Broadwell is biased, and his flawed, conclusory, and regulatory non-compliant opinion should be given no weight.

43.     Because her claim was deemed denied without the exercise of discretion, the appropriate standard of review for this claim is de novo.

44.     The entities that made the decisions to deny benefits would pay any benefits due out of their own funds.

45.     The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

46.     The entities that made the decisions to deny benefits allowed their concern over their own funds to influence their decision-making.

47.     Unum's conflict of interest and bias is evident in the fact that it establishes monthly financial targets that encourage and incentivize its claims handlers to terminate a specified number of claims every month.

48.     The monthly financial targets for denying claims are called "recovery plans," "recovery guidance," or words to that effect, and are provided by Unum's finance department to Unum's Assistant Vice Presidents and Directors who supervise and conduct claims handling.

49.     The monthly targets, or "recovery plans," include the count of total claims that should be recovered.

50.     Internal documents reveal that financial targets and goals for claim closures are set at the unit level and that there are goals set for open claim recoveries (i.e., denying an open claim) per day.  (See Exhibit 1, Weekly Tracking Reports).

51.     In order to receive bonuses under Unum's incentive program, Unum employees are evaluated against certain criteria, which include planned claim terminations, expected liability acceptance rates, and anticipated reopen rates. (see e.g., Exhibit 2, ID Director Scorecards).

52.     Plaintiff's counsel recently took the deposition of the Assistant Vice President, Marianne Justin, who was the Unum AVP over the Director and the DBS who evaluated Plaintiff's claim. Ms. Justin confirmed that she received "financial guidance" each month.  (See Exhibit 3, selected excerpts from the Deposition of Marianne Justin, p. 47:23-51:6).

53.     Ms. Justin also received a Weekly Tracking Report each Monday that contained new financial target numbers for her team.  *Id.* at, 103:11-18.  Ms. Justin explained that she shares the Weekly Tracking Reports with her team in weekly meetings on each Tuesday. *Id.* at, 80:13-82-21; 99:15-100:22.

54.     Directors in AVP Justin's team are expected to be familiar with how the Weekly Tracking Reports are formatted, how they work, and what their data means for their team. *Id.* at, 103:11-105:9.

55.     AVP Justin confirmed that whether Unum's AVPs meet the financial metrics is part of their performance evaluation.  *Id.* at, 136:9-16.

56.     Ms. Justin provided additional testimony and referred to additional documents that are relevant to Unum's conflict of interest, but that testimony and evidence is currently designated "confidential."

57.     Defendants targeted Plaintiff's claim for termination in order to meet their financial goals.

58.     Defendants' targeting of Plaintiff's claim for denial taints all evidence it developed during the review of her claim as the review was designed to reach the result of a denial, not an impartial weighing of the evidence.

59.     Defendants have acted under a policy to take advantage of the potential applicability of ERISA to claims.

60.     The Defendants' decision-making process violated ERISA by failing to give the Plaintiff a full and fair review of the claim.

61.     The Defendants' decision-making process violated the terms of the applicable ERISA Plans and ERISA law and regulations.

62.     The Defendants' decision to deny benefits was wrong under the terms of the Plan and under ERISA, and was arbitrary and capricious.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST THE DEFENDANT**
**PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

63.     Under the terms of the Plan, Defendants agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

64.     Plaintiff is disabled and entitled to benefits under the terms of the Plan.

65.     Defendants failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

66.     The decisions to terminate benefits were wrong under the terms of the Plan.

67.     The decisions to terminate benefits and decision-making processes were arbitrary and capricious.

68.     The decisions to deny benefits were not supported by substantial evidence in the record.

69.     As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

70.     As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action**:

1.     A finding in favor of Plaintiff against Defendants;

2.     Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.     Prejudgment and postjudgment interest;

4.     An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5.     An Order requiring Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan or under any other employee welfare benefit plan;

6.     Plaintiff's reasonable attorney fees and costs; and

7.      Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 27th day of January, 2026.


                        Respectfully submitted,


                        ERIC BUCHANAN & ASSOCIATES, PLLC
                        ATTORNEYS FOR PLAINTIFF


                BY:     */s/ Kaci Garrabrant*
                        Kaci Garrabrant (BPR #039026)
                        Hudson T. Ellis (BPR #28330)
                        414 McCallie Avenue
                        Chattanooga  TN  37402
                        (423) 634-2506
                        FAX:  (423) 634-2505